UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALAN E. A., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:24 CV 143 JMB |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security | ) |
| Administration,[1] | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

On July 25, 2019, Plaintiff Alan A. filed for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff alleges he became disabled on January 28, 2017, due to back fractures, insomnia, anxiety, spinal stenosis, back and neck pain, disc deterioration, neuropathy, and "broke three facets in spinal cord" (Tr. 532-39, 586). Plaintiff's claim was ultimately denied by the Commissioner of Social Security through the administrative process after being remanded twice by the Appeals Council, and there is no dispute that he has exhausted his administrative remedies. See 42 U.S.C. § 405(g). Accordingly, this matter is before the Court for review of an adverse ruling by the Social Security Administration as set forth by the Administrative Law Judge ("ALJ") on July 3, 2023 (Tr. 24-39). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Standard of Review and Legal Framework

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quotation omitted); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (the standard "is not high"). In making this determination, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007); see also 20 C.F.R. § 404.1520 (setting forth the five-step sequential evaluation process an ALJ uses in determining whether a claimant is disabled); Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (discussing the five-step process).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow, and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (citing Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Similarly, a reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). If it is possible to draw a position from the evidence that supports the ALJ's findings, the reviewing court must affirm the decision. Id. With this standard in mind, the Court will address the specific arguments made by the parties.

## II. Discussion

Plaintiff's sole argument on appeal is that the ALJ's determination regarding Plaintiff's residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ

failed to adequately consider Plaintiff's subjective reports of pain.  (Doc. 10).  The Commissioner argues that Plaintiff essentially invites the Court to reweigh the evidence, and that substantial evidence supports the ALJ's decision.  (Doc. 11).

In evaluating the intensity, persistence, and limiting effects of an individual's symptoms such as pain, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record."  Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017).  "In examining the record, the ALJ must consider several factors, including the claimant's daily activities; the duration, intensity, and frequency of the symptoms; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; any functional restrictions; the claimant's work history; and the objective medical evidence."  Hahn v. Kijakazi, No. 1:21-CV-17-SPM, 2022 WL 4534420, at *6 (E.D. Mo. Sept. 28, 2022) (citations omitted); see also Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

An ALJ may discount a claimant's subjective complaints when there are inconsistencies in the record as a whole.  20 C.F.R. §§ 404.1529, 416.929; Guilliams v. Barnhart, 393 F.3d 798, 801-02 (8th Cir. 2005); Polaski, 739 F.2d at 1322.  The ALJ's decision, however, "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."  SSR 16-3p, 2007 WL 5108034, at *10.

Here, the ALJ concluded that Plaintiff has the following severe impairments: history of lumbar fracture, degenerative changes of the lumbar and cervical spine, peripheral neuropathy,

chronic obstructive pulmonary disease, history of seizure disorder, obesity, and substance use disorder (Tr. 26-27). The ALJ determined, however, that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except:

> he can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds. He can frequently balance, but occasionally stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold and vibration. The claimant must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant must avoid all exposure to hazards, such as moving machinery and unprotected heights.

(Tr. 29). In making the RFC determination, the ALJ considered Plaintiff's subjective complaints of back and neck pain, as set out in Plaintiff's function reports and in his hearing testimony. In the decision, the ALJ noted Plaintiff's reported lower back pain that shoots down his left leg and upper back pain that radiates into his arm, which he described as grinding and stabbing pain that progresses throughout the day (Tr. 30). The ALJ also noted Plaintiff's self-ascribed limitations, including difficulty twisting, bending, sitting, and laying; use of assistive devices; the need to lay down for most of the day; and constraints on his abilities to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs (Tr. 30).

Upon enumerating the factors an ALJ must consider in evaluating a plaintiff's subjective complaints pursuant SSR 16-3p, the ALJ concluded that "[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…" (Tr. 31). For support, the ALJ discussed the objective medical evidence, including Plaintiff's examination and treatment notes, as well as imaging results, noting both normal and abnormal findings (Tr. 31-32). The ALJ noted that during various physical examinations, Plaintiff had been observed as ambulatory and having a normal, steady gait; he did not require the use of an assistive device; he could walk on his toes; and he had normal strength, intact sensation, normal deep tendon reflexes, normal/full range of motion, and

negative straight leg raising (Tr. 31-32). The ALJ also noted that during other examinations, Plaintiff had difficulty with tandem gait and heel walking; he exhibited hyperreflexia in the lower extremities; and he had positive straight leg raising (at varying degrees), as well as decreased and painful range of motion in the lumbar spine (Tr. 31-32). The ALJ further noted imaging results of Plaintiff's lumbar and cervical spine from 2018, which revealed mild degenerative changes, but which also showed mild to moderate spinal stenosis and bilateral neural foraminal narrowing, diffuse posterior disc osteophyte complex, and a mild broad based right lateral/intraforaminal disc protrusion at L5-S which appeared to just contract the descending S1 nerve root (Tr. 32).

The ALJ continued to discuss the medical opinion evidence, finding persuasive administrative medical findings of state agency medical consultants from 2020. The state agency medical consultants had opined that Plaintiff retained the capacity for work at the light exertional level with certain postural and environmental limitations; namely, the same limitations included in the ALJ's above-referenced RFC assessment (Tr. 29, 33-34). The ALJ concluded that: "Based on the foregoing … [t]he objective medical evidence and opinion evidence, as detailed above, suggest greater sustained capacity than described by [Plaintiff]. Notwithstanding the [Plaintiff's] allegations, treatment records and examinations do not provide evidence that would reasonably support a finding that the claimant is as limited as alleged. Ultimately, the claimant alleges a greater degree of debilitation that the medical evidence can support." (Tr. 37).

Plaintiff argues that, while the ALJ summarized the objective medical evidence of record, noting both normal and abnormal findings, the ALJ nevertheless failed to explain how these results were inconsistent with Plaintiff's subjective complaints. Plaintiff further argues that the ALJ failed to consider the other SSR 16-3p factors, including his daily activities (i.e., his purported inability

to engage in activities due to pain), ongoing medical treatment, and occasional visits to the emergency department. (Doc. 10).

The Court finds that the ALJ adequately assessed Plaintiff's subjective complaints and offered sufficient reasoning for discounting Plaintiff's testimony. There is no question that Plaintiff has a history of physical impairments which cause chronic back and neck pain and for which he has sought ongoing treatment. However, as indicated above and detailed by the ALJ, the medical evidence of record reveals numerous examination notes and test results observing unremarkable or mild physical findings. Additionally, in prior administrative medical findings, state agency consultants opined that Plaintiff's reported functional limitations were not consistent with the objective medical findings. (Tr. 184-211, 215-244). The medical consultants further opined that Plaintiff retained the capacity for work at the light exertional level, with certain postural and environmental limitations, which were ultimately adopted by the ALJ and set forth in the RFC assessment.[2] See Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002) ("an ALJ is entitled to make a factual determination that a [c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary").

The Court concludes that the ALJ appropriately determined Plaintiff's RFC on the evidence as a whole. To reach a different outcome here would require the Court to reweigh the evidence. See Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (a court does not "reweigh the evidence presented to the ALJ," and it "defers to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence"); Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) (the Court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's

---

[2] Plaintiff does not challenge the ALJ's assessment of the medical opinion evidence of record.

complaints of disabling pain") Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (the Commissioner's decision will not be reversed "merely because substantial evidence exists in the record that would have supported a contrary outcome").

Finally, to the extent Plaintiff argues that the ALJ erred in failing to address other SSR 16-3p factors, the Court notes that an ALJ is not required to discuss each factor as long as "he acknowledges and considers the factors before discounting a claimant's subjective complaints." Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (quotation omitted).  Here, the ALJ expressly acknowledged and considered the relevant factors.  The ALJ's omission of further discussion within the decision of Plaintiff's daily activities, ongoing medical treatment, and occasional visits to the emergency department, therefore, does not constitute reversible error.

\* \* \* \* \*

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment shall accompany this Memorandum and Order.

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of May, 2025.